(4 Misc. Rep. 380.)

In re BARTLETT'S ESTATE.

(Surrogate's Court, Westchester County. July, 1893.)

ADVANCEMENTS—CONSTRUCTION OF WILL.

 Testator gave all his estate to his widow for life, and provided that "at her death the whole thereof (including the indebtedness to my estate of my sons W. and E. for moneys heretofore lent and advanced by me to them, amounting altogether to $12,000) shall be divided into as many equal shares as shall equal the number of my children, * * * deducting from the share of each of my sons W. and E. $6,000 for moneys heretofore advanced by me to them, and the respective shares of my sons W. and E. are hereby charged with said sums." *Held,* that the sums to be deducted from the shares of W. and E. were not advancements, and were therefore subject to the legacy tax.

Appraisement of the estate of William H. C. Bartlett, deceased, subject to the transfer tax.

The material portion of decedent's will is as follows:

"All the rest, residue, and remainder of my property and estate I give to my wife, Harriet, for her use during her natural life, and at her death the whole thereof (including the indebtedness to my estate of my sons William C. and Edward C. for moneys heretofore lent and advanced by me to them, amounting altogether to twelve thousand dollars) shall be divided into as many equal shares as shall equal the number of my children, seven in number. If any child of mine shall have died before the death of my said wife, leaving lawful issue surviving my said wife, then such issue shall have and be entitled to the share which the parent would have been entitled to; and I direct my said executors to distribute the said shares to my

said surviving children and lawful issue of such child or children of mine as may have died, deducting from the share of each of my sons William C. and Edward C. six thousand dollars for moneys heretofore advanced by me to them, and the respective shares of my sons William C. and Edward C. are hereby charged with the said sums."

Edward Wells, Jr., for appellants.

COFFIN, S.　No evidence is furnished in this matter other than the will of the deceased, and the decision of the question depends upon the construction of the will and the original intention of the testator as gathered therefrom, in reference to the several sums claimed to be exempt.　An advancement is somewhat in the nature of a gift, in this respect: that the person making it thereby abandons all right of control and ownership of the subject.　Indeed, an advancement is an irrevocable gift by a parent to a child, in anticipation of such child's future share of the parent's estate.　Clearly the testator did not intend to make these sums advancements.　He knew the nature of a gift, and how it was to be accomplished, as is manifested by his recital of the gift of the bonds to his daughter Elizabeth.　It is also manifest that he did not regard the furnishing of these sums to his sons as gifts, but as claims belonging to his estate, for he gives the rest and residue of his estate to his wife, and at her death the whole thereof, including the indebtedness of the two sons for moneys theretofore lent and advanced to them, over.　Hence the widow is, by the will, entitled to the use of these sums.　He did not consider himself, therefore, to have parted with the right to the control of the same, but actually exercises such right.　Then, as above stated, the whole of his residuary estate, including the money so lent and advanced, was to be divided into seven equal shares, corresponding to the number of his children, and given to them, etc.　What he says in regard to deducting the sums advanced to the two sons for their respective shares indicates nothing more than what he probably intended as an easy mode of payment.　There is a difference, in legal significance, between the words "advance" and "advancement."　The sums lent and advanced to the sons are not regarded as advancements, and hence are subject to the tax.